NOT FOR PUBLICATION
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEDHAT ELSAYED, | |
| Plaintiff, | Civil Action No. 22-4900 (JXN)(JRA) |
| v. | OPINION |
| EARLY WARNING SERVICES, LLC, | |
| Defendant. | |

**NEALS**, District Judge:

This matter comes before the Court on the motion to dismiss for lack of prosecution [ECF No. 22] filed by Defendant Early Warning Services, LLC. The deadline for Plaintiff to submit opposition papers was May 1, 2023. To date, Plaintiff has not submitted an opposition nor requested an extension of the deadline to oppose the motion. Accordingly, this Court reviews the motion as unopposed. Following its review, Defendant's motion to dismiss [ECF No. 22] is **GRANTED** and this matter is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with the Court's orders.

I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action on July 11, 2022, by filing a Complaint against Defendant in Superior Court of New Jersey for Hudson County, Law Division, Special Civil Part, Small Claims, Case No. SC-000419-22. *See* ECF No. 1-1. Plaintiff's Complaint generally alleges that Defendant "failed to report 100% accuracy in accordance with USC 1681e(b)." *Id.* at 11. On August 4, 2022, Defendant removed the state court matter to the United States District Court for the District of New Jersey, under 28 U.S.C. §§ 1441 and 1446. ECF No. 1.

Following removal to this Court, Defendant moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. While the motion was still pending, the Court scheduled an initial conference with the parties for September 23, 2022. *See* ECF No. 5. Plaintiff did not appear for the conference, so the Court rescheduled the hearing to October 12, 2022, which was subsequently rescheduled to October 21, 2022. *See* ECF Nos. 13, 15. On October 21, 2022, Plaintiff again failed to appear. Over the next few months, the Court scheduled hearings to which Plaintiff did not appear. *See* ECF No. 20. Plaintiff also failed to respond to Defendant's discovery requests and requests to meet and confer. *Id.*

On April 14, 2023, nearly seven months after Plaintiff missed his first court appearance, Defendant moved to dismiss for lack of prosecution. *See* ECF No. 22. The deadline for Plaintiff to file an opposition to Defendant's motion was May 1, 2023. To date, Plaintiff has not filed an opposition nor has Plaintiff requested an extension to do so.

## II. DISCUSSION

### A. Rule 41, Failure to Prosecute

Courts have the authority to dismiss a lawsuit pursuant to Federal Rule of Civil Procedure 41(b) "for failure to 'prosecute or to comply with [the] rules or a court order.'" *Foreman*, 2015 WL 1931453, at *1 (quoting Fed.R.Civ.P. 41(b)). Local Civil Rule 41.1 similarly provides that civil cases "which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution . . . unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party."

The Court held conferences in this matter on September 23, 2022, October 21, 2022, and February 28, 2023. Plaintiff did not appear for any of these conferences. On February 28, 2023,

the Court entered an order directing the following: "By March 10, 2023, Plaintiff shall file a letter explaining his failure to appear for the February 28, 2023 status conference." ECF No. 18. Plaintiff did not submit a letter, affidavit or other document explaining his failure to appear. Because Plaintiff has not participated in this matter for nearly seven months, it appears that Plaintiff has abandoned this litigation. Accordingly, the Court will dismiss this action for failure to prosecute.

### B. Rule 16(f), Failure to Comply with Court Orders

Federal Rules of Civil Procedure 16(a) through (e) prescribe standards governing pretrial conferences, scheduling orders, and case management. Rule 16(f) provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

Here, Plaintiff has failed to comply with the explicit terms of Judge Jose Almonte's March 15, 2023 Order, which provides: "By March 10, 2023, Plaintiff shall file a letter explaining his failure to appear for the February 28, 2023 status conference." ECF No. 18. As noted above, Plaintiff did not submit a letter, affidavit or other document explaining his failure to appear.

Ordinarily, the Court ensures "that a party still has [his or] her day in court," *Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013) and considers the six factors adopted by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) before dismissal. The *Poulis* factors need not be considered, however, where the dismissal is without prejudice. *Choi v. Kim*, 258 Fed.Appx. 413, 417 at n. 5 (3d Cir. 2007).

## III.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [ECF No. 22] is **GRANTED** and this matter is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with the Court's orders.  An appropriate Order accompanies this Opinion.

DATED: May 3, 2023

s/Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge